**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 17-1684

———————————

HECTOR PONCE-VERDUZCO,
                                        Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,
                                        Respondent

———————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-188-397)
Immigration Judge: Annie S. Garcy

———————————

Submitted under Third Circuit LAR 34.1(a)
on October 3, 2017

Before: SHWARTZ and ROTH, <u>Circuit Judges</u> and PAPPERT[*], <u>District Judge</u>

(Opinion filed: July 31, 2018)

———————————

OPINION[**]

———————————

---

[*] The Honorable Gerald J. Pappert, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Hector Ponce-Verduzco (Ponce) appeals the order of the Board of Immigration Appeals (BIA) denying his motion to reopen his immigration proceedings. Because we conclude that the BIA and Immigration Judge (IJ) did not abuse their discretion in concluding that Ponce's former counsel was not ineffective, we will deny the petition for review.

## I.

Ponce, a citizen of Mexico and former Mexican police officer, entered the United States in the late 1980s without being admitted or paroled. In January 2009, the Department of Homeland Security commenced removal proceedings against Ponce. Ponce filed a Form I-589 Application for Asylum and for Withholding of Removal on the ground that he would suffer retaliation if deported to Mexico for previously exposing a fellow police officer's illegal acts there. But when Ponce went before an IJ for his individual hearing in 2013, he did not proceed with his asylum application and instead accepted a grant of voluntary departure.

Later, in 2014, Ponce—now represented by a new attorney—filed a motion and supporting certification to reopen his removal proceedings for consideration of a separately-filed I-589, this one based on his fear of persecution in Mexico due to his perceived wealth. Ponce argued that his prominence in the Mexican American community, as well as the increased occurrence of kidnappings of Mexican Americans in Mexico, constituted material changes that warranted reopening his removal proceeding.

In the motion, Ponce also alleged that his former counsel provided ineffective assistance. According to Ponce, before his scheduled individual hearing with the IJ, he informed his former counsel that he wanted to file a new asylum application relating to his fear of being kidnapped in Mexico due to his perceived wealth. Ponce claims that his former counsel improperly advised him that he could not raise a new basis for asylum at his individual hearing and that he should instead agree to voluntary departure. Ponce accepted this advice and agreed to voluntary departure.

Prior to filing his motion to reopen, Ponce personally delivered a letter to his former counsel in which he stated that he considered her advice to be wrong and that he would be retaining a new attorney. Ponce never submitted a grievance against his former counsel with disciplinary authorities, believing that she mistakenly provided deficient advice, but had not engaged in unethical conduct.

On November 30, 2014, a different IJ denied the motion to reopen. The IJ concluded that Ponce had not provided evidence that country conditions had changed after his original hearing and he therefore failed to raise new evidence warranting reopening.[1] The IJ also rejected Ponce's ineffective assistance of counsel claim, concluding that Ponce's sworn testimony indicated that he did not have a fear of returning to Mexico and "that he well-understood that he had withdrawn his I-589 and decided to agree to accept voluntary departure . . . and that it was his decision to do so."[2]

---

[1] Ponce does not challenge this aspect of the IJ's ruling.
[2] A.R. 36, 38-39.

On February 27, 2017, the BIA affirmed the IJ's denial of Ponce's motion to reopen. As an additional ground for denying Ponce's motion, the BIA added that Ponce failed to satisfy the procedural requirements mandated by the BIA in *Matter of Lozada*.[3] This appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 8 U.S.C. § 1252(a)(1). "When, as here, the BIA affirms an IJ's decision and adds analysis of its own, we review both the IJ's and the BIA's decisions."[4]

We review the denial of a motion to reopen for abuse of discretion and may reverse only where the denial is "arbitrary, irrational, or contrary to law."[5] We review findings of fact related to the motion for substantial evidence.[6] Under this standard, the findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."[7]

---

[3] 19 I. & N. Dec. 637 (BIA 1988). Those requirements are that the alien "(1) support the claim with an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and provide counsel with the opportunity to respond (this response should be submitted with the alien's pleading asserting ineffective assistance); and (3) state 'whether a complaint has been filed with appropriate disciplinary authorities regarding [the allegedly deficient] representation, and if not, why not.'" *Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007) (quoting *Lozada*, 19 I. & N. Dec. at 639).
[4] *Contreras v. Att'y Gen.*, 665 F.3d 578, 583 (3d Cir. 2012).
[5] *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002).
[6] *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006).
[7] *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005) (quoting 8 U.S.C. § 1252(b)(4)(B)).

An alien seeking to reopen an immigration proceeding on the basis of ineffective assistance of counsel must demonstrate that (1) "competent counsel would have acted otherwise"; and (2) counsel's poor performance resulted in prejudice.[8]

The record supports the conclusion that Ponce's counsel's performance was not deficient. According to Ponce, his counsel advised him against filing a new form I-589 and instead advised him to agree to voluntary departure. We find no support in Ponce's argument that a competent attorney would have acted otherwise, especially given the fact that Ponce had previously filed a conflicting I-589 indicating that he feared going back to Mexico for different reasons. Moreover, the IJ found that Ponce's sworn testimony indicated that he did not fear returning to Mexico and that he accepted voluntary departure on his own accord. Because we accept these findings, we see no reason to disturb the IJ's or BIA's rulings.[9]

### III.

For the foregoing reasons, we deny Ponce's petition for review.

---

[8] *Fadiga*, 488 F.3d at 157 (citation omitted).
[9] We need not reach the issue of whether Ponce met the procedural requirements set out in *Lozada*.